No. 13,604.

STATE EX REL. ANNA FERGUSON BROMADE, WIFE OF L. P. HART, VS. HON. JOHN ST. PAUL, JUDGE DIVISION "C."

### SYLLABUS.

1. Where a writ of *certiorari* has been passed upon and the relator's application sustained and a decree rendered which the respondent court chooses to comply with without delay, the relator has no ground upon which to complain because the respondent did not await until the delays for a rehearing had elapsed.

2. The court exercises supervisory jurisdiction when there is no remedy by appeal, and will not interpose its powers of supervision to set aside rulings of the District Court preliminarily made in matters entirely within its jurisdiction.

ON Application for Writs of Prohibition, Injunction and *Certiorari*.

*Carleton Hunt* and *Henry Renshaw* for Relator.

*Denegre, Blair & Denegre* for Respondent.

The opinion of the court was delivered by

BREAUX, J.  Relatrix seeks to restrain the respondent judge from proceeding farther on the exception to the jurisdiction in the cause of Anna Ferguson Bromade, wife, vs. Louis Philip Hart.  Relatrix avers that the defendant in said cause is not a resident of Savannah, Georgia, but that, on the contrary, he resides in New Orleans.

This court, in the case just cited, heretofore, rendered an opinion holding the plea to the jurisdiction in the said case must be passed upon, before the court below could adjudge and decree upon the application for alimony *pendente lite*.  That opinion is not yet final, as six days have not elapsed since it was rendered.  Relatrix sets up in her application here, that she was too hastily coerced into trial of her plea to the jurisdiction of the court below.

Relatrix avers that she has been denied the right of obtaining the testimony in her behalf, of witnesses to be examined under commission; that the judge ordered a commission to issue to take the testimony of two witnesses residing in Massachusetts, and made it returnable on the 29th day of June, 1900, and likewise a second commission returnable on the same day, to take the testimony of a witness residing in Georgia; and that each commission has been forwarded.

The relatrix urges, in the first place, that six judicial days not having elapsed since the rendition of the decision in question in said cause, the court below is obliged to await the mandate of this court, and the return of the record which was brought up with the application of relatrix.

We have not found this ground sufficient upon which to base an application for the writs in question, much less ground to make them peremptory.  The judge of the District Court, we think, was free to recall his former ruling of which relatrix complained, and it follows that he was, also, at liberty to take cognizance of this court's action before the decree had been sent down, and proceed, before passing upon the question of alimony, to ascertain whether it has jurisdiction *ratione personae,* as was adjudged and decreed in the application for *certiorari* heretofore passed upon in the cause cited *supra.*  The mere waiver of delays by the court *a qua,* and the immediate execution of the decree of this court are not, in themselves, prejudicial to the relatrix.

But relatrix raises another ground of complaint, which presents greater difficulties in its decision.  She charges, as we have already

noted, that she was not afforded the opportunity of having her witnesses present to testify in support of her averment that her husband is domiciled here, and she avers further that the District Court is, besides, determined to dispose of her husband's exception of the court's want of jurisdiction *ratione personae,* before the return of the commissions in question.

Plaintiff is entitled to a hearing, to the presence of her witnesses, and to a return of the commissions, and to that end a postponement of a trial of the exception until the day on which the commission is made returnable. This is plain enough. Nonetheless, we would not feel justified, were we to assume before final action of the court that the plaintiff will be injuriously denied any of her rights. The District Court has jurisdiction of the questions raised, and upon it devolves the responsibility of deciding them in the first instance. The apprehension of one of the parties that a right will be denied, or that a trial is being too much hastened, or that more time should be given to summon witnesses, or return commissions, afford no ground for relief under the supervisory powers of this court.

All the errors the application of the plaintiff suggest, are reviewable on appeal. This court has again and again decided that writs under its supervisory jurisdiction would not go to a court to remedy an asserted error reviewable on appeal, and that the right of appeal excludes other remedies.

It was never, as we take it, within the law's contemplation to impose upon this court the duty of supervising every step in the course of a trial, and correcting every preliminary ruling which may have some appearance of error or irregularity on the face of the papers. ' The final decision of this exception may not be against the plaintiff.

It would obstruct the course of trials if this court were to correct errors which may not prove detrimental, or which the judge himself may correct before the final determination of the issues before his court. There is no jurisdictional question raised. The question is one which relates exclusively to whether there shall be a postponement before the District Court of the trial of an exception. We can not, under our law regulating practice, undertake, on the application made, to annul or review the orders of which the relatrix complains. They are interlocutory orders, and we must decline to pass upon them at this time. That *certiorari* can be resorted to only when the proceedings are

null, has been repeatedly decided. After an exception had been overruled in a cause which presents anology on the point here at issue, the court said that the relator would find his only relief in an appeal. State *ex rel.* Reid vs. Judge, 45 Ann. 947.

We recall only one case in which the court exerted its supervisory jurisdiction in order to restrain the judge of the District Court from carrying out his order transferring a cause to another jurisdiction for trial, and that is Brouillette vs. Judge, 45 Ann. 243. The judge was in the act of removing the cases from his own court having jurisdiction, to another court, without jurisdiction, and for that reason this court exercised its supervisory jurisdiction to annul the proceedings looking to the removal of the cause. In all other cases (in which there was not an error of an absolute nature), the court chose to await the conclusion of the trial.

For these reasons the order *nisi* is recalled and discharged and the application of relatrix is refused.